FILED

FEB 1 2 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RANDY BILL RING, | Cause No. CV 19-77-H-DLC-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on state pro se petitioner Randy Bill Ring's application for writ of habeas corpus under 28 U.S.C. § 2254, alleging the sentence imposed is illegal because the written judgment does not conform with the sentence pronounced in open court.

## I.    28 U.S.C. § 2254 Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

1

*Id.*; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As explained herein, Ring's petition does not state a cognizable claim and should be dismissed.

A.        **Background**

Following a February 2012 jury trial in Montana First Judicial District Court, Lewis and Clark County, Ring was found guilty of Incest and ultimately sentenced to serve 20-years at the Montana State Prison.  See, *Ring v. Guyer*, No. OP-19-0095, Or. at 1 (Mont. Feb. 26, 2019).  This sentence was ordered to be served consecutively to a prior state Forgery sentence.  In September of 2012, the prosecution filed a motion seeking to amend Ring's judgment asserting the Incest sentence should run consecutively not only to the state Forgery sentence but also to a sentence imposed in this Court.[1]  *Id.*  On September 5, 2012, the First Judicial District Court issued an Amended Judgment providing that the Incest sentence run consecutively to the Theft sentence, as well as Ring's federal sentence.  *Id.* at 2.

Ring filed a direct appeal.  The Montana Supreme Court affirmed Ring's

---

[1] In December of 2011, judgment was entered sentencing Ring to the Bureau of Prisons for 24 months, to be followed by 36 months of supervised release for being a Felon in Possession of a Firearm.  *USA v. Ring*, No. CR-11-10-H-CCL, Judg. (D. Mont. Dec. 14, 2011).

conviction but remanded the matter to the district court with a directive to strike the conditions imposed because Ring had no suspended sentence, accordingly the conditions would be for parole. See, *State v. Ring*, 2014 MT 49, ¶¶ 34, 39, 374 Mont. 109, 321 P. 3d 800. On January 2, 2015, the district court issued a Second Amended Judgment, and recharacterized the conditions it had previously imposed as parole recommendations. See, *Ring,* OP-19-0095, Or. at 2. The district court recommended Ring's parole eligibility be conditioned "upon his successful completion of [Sex Offender Program I] and [Sex Offender Program II] at Montana State Prison." *Id.* Ring petitioned the Montana Supreme Court for habeas corpus relief arguing that the Second Amended Judgment was illegal as written and would hinder his right to parole. *Id.* at 1.

The Montana Supreme Court held that Ring did not receive an illegal judgment or sentence. *Id.* at 2. The district court's recommendation to the Montana Board of Pardons and Parole (the Board) that Ring should complete both phases of the Sex Offender Program (SOP) prior to parole eligibility complied with the Court's prior remand order. *Id.* The Court noted that it previously found "no discrepancy exists between the oral judgment and the written judgments for the 2012 sentence." *Id.* at 3, citing *Ring v. State*, No. OP 17-0408, Or. at 4 (Mont. Oct. 3, 2017). The Court further acknowledged that parole consideration rests entirely within the Board's discretion and while the SOP requirements necessarily affect

3

Ring's parole consideration, such requirements did not hinder his right to parole. *Id.* The Montana Supreme Court determined Ring's sentence was lawful and he was not entitled to habeas relief. *Id.*

## B.   Ring's Claim

Ring asserts, "[p]ursuant to MCA 46-18-116, the written judgment must conform with the oral pronouncement of sentence.  My written judgments do not conform with my pronounced sentence." (Doc. 1 at 4, ¶ 13(A)).

Ring asks this Court to order that the written judgment be amended to conform with the sentence pronounced in court. *Id.* at 7, ¶ 16.

## C.   Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997) ). A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curium).  "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*,

877 F.2d 1395, 1400 (9th Cir. 1989).

To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based upon a claimed state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute and independent due process violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Although it is unclear from his petition filed in this Court exactly what discrepancy Ring believes exists between the written and oral judgment, see (Doc. 1 at 4, § 13(A)), the Court presumes his claim is premised upon the requirement that he complete SOP I & II prior to parole eligibility. But the Montana Supreme Court has determined that Ring is serving a legal sentence and there is no discrepancy. To the extent that Ring asks this Court to review the interpretation and application of a purported state sentencing error, such error is not a cognizable

ground for relief in a federal habeas corpus proceeding.  See, *Bradshaw v. Richey*,

546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a

federal habeas court); *Hendricks v. Zenon*, 993 F. 2d 664, 674 (9th Cir. 1993)

(claim exclusively concerned with state law not cognizable in federal habeas);

*Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last

word on interpretation of state law")(citations omitted); *see also Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of

a federal habeas court to reexamine state-court determinations on state-law

questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a

"state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S.

764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state

law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal

habeas corpus relief unavailable for errors of state law).

Further, Ring has not made a showing the purported error that occurred in

his case is "so arbitrary or capricious as to constitute and independent due process

violation." *Lewis*, 497 U.S. at 780.  At most, Ring has advanced what he believes

to be an error of state law.  But a habeas petitioner cannot "transform a state-law

issue into a federal one merely asserting a violation of due process." *Langford v.*

*Day*, 110 F. 3d 1380, 1389 (9th Cir. 1997).  While Ring may disagree with the

Montana Supreme Court's application of state law, such disagreement is not

cognizable in federal habeas and this Court cannot provide relief. The petition should be dismissed.

## II.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ring's petition should be denied because he has failed to make a substantial showing of a denial of his constitutional rights. Because Ring's claim is not cognizable in federal habeas, jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Ring's Petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed, by separate document, to enter

7

judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ring may object to this Findings and Recommendation within 14 days.

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Mr. Ring must immediately notify the Court of any change in his mailing

address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of February, 2020.


  */s John Johsnton*
John Johnston
United States Magistrate Judge